# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| DAWNA DEANN HEADGEPATH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 15-CV-5069-SW-DGK-SSA |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Dawna Deann Headgepath petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f. The administrative law judge ("ALJ") found she had multiple severe impairments including obesity, obstructive sleep apnea, chronic kidney disease, chronic low back pain, hernias, and attention deficit disorder, but retained the residual functional capacity ("RFC") to perform work as a mail sorter or routing clerk. The ALJ thus found her not disabled.

As explained below, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is therefore AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed the pending application on January 29, 2014, alleging a disability onset date of January 27, 2014. The Commissioner denied her application at the initial claim level. The ALJ heard her case but issued an unfavorable decision. The Appeals Council denied

Plaintiff's request for review, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Chaney v. Colvin*, 812 F.3d 872, 876 (8th Cir. 2016). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Mabry v. Colvin*, 815 F.3d 386, 389 (8th Cir. 2016).

**Discussion**

The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). This five-step process considers whether: "(1) the claimant was employed; (2) he was severely impaired; (3) his impairment was, or was comparable to, a listed impairment; (4) he could perform past relevant work; and if not, (5) if he could perform any other kind of work." *Chaney*, 812 F.3d at 676.

2

Case 3:15-cv-05069-DGK   Document 22   Filed 08/25/16   Page 2 of 5

At Step Four, the ALJ assessed Plaintiff's RFC and found that she "can respond appropriately to supervisors and coworkers in a task-oriented setting where contact with others, including the public, is infrequent." R. at 15. This RFC was less restrictive than that suggested by two of Plaintiff's treating medical professionals, René Duffourc, M.D. ("Dr. Duffourc"), and Sara Hollis, Psy.D. ("Dr. Hollis"). For example, Dr. Duffourc, Plaintiff's psychiatrist, opined that Plaintiff had "marked" limitations interacting with supervisors and coworkers, R. at 300, and Dr. Hollis opined that Plaintiff had "extreme" limitations interacting with supervisors, coworkers, and the public, R. at 301.

Plaintiff argues the ALJ should have credited Drs. Duffourc's and Hollis's opinions and found a more limited mental RFC. Specifically, Plaintiff seems to argue that the ALJ should have found her RFC completely precluded interpersonal interaction. Because the ALJ's RFC finding is infirm, Plaintiff argues, the Commissioner's decision is unsupported by substantial record evidence and must be reversed.

A claimant's RFC is the most she can do despite her limitations. 20 C.F.R. § 416.945(a)(1). "The RFC must (1) give appropriate consideration to all of [the claimant's] impairments, and (2) be based on competent medical evidence establishing the physical and mental activity that the claimant can perform in a work setting." *Mabry*, 815 F.3d at 390 (alteration in original). "Since the ALJ must evaluate the record as a whole, the opinions of treating physicians do not automatically control." *Bernard v. Colvin*, 774 F.3d 482, 487 (8th Cir. 2014). The ALJ may discount or disregard a treating physician's opinion "where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015).

3

That is exactly the case here.  First, and most significantly, Drs. Duffourc's and Hollis's opinions contradict other medical opinions in the record, including their own opinions.  *See id.*  For example, Dr. Duffourc believed that Plaintiff had a "marked" limitation in interacting with supervisors and coworkers, but inexplicably only a "mild" limitation in interacting with the public.  R. at 300.  Moreover, Kenneth Burstin, Ph.D., a consulting doctor, reviewed the record and concluded that Plaintiff's social-interaction limitations were much less severe than Drs. Duffourc and Hollis believed.  R. at 136–38.  He suggested an RFC formulation identical to the one the ALJ eventually used.  His opinion, which he rendered after reviewing Drs. Duffourc's and Hollis's opinions, was arguably better supported.  *See Mabry*, 815 F.3d at 391 (permitting an ALJ to disregard medical assessments that conflict with other clinicians' opinions).

Second, Drs. Duffourc's and Hollis's opinions are not internally supported.  *See Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001) (permitting an ALJ to discount a medical-source statement was not "supported by any objective testing or reasoning which would indicate why the claimant's functioning need be so restricted").  For example, Dr. Hollis ascribed Plaintiff's limitations to a personality disorder, R. at 301, but the record reveals no diagnosis of personality disorder.  Dr. Hollis's opinion thus appears to be based upon a mental impairment that Plaintiff does not have.  More generally, none of the doctors' restrictions are accompanied by any supportive explanations.  *See Julin v. Colvin*, — F.3d —, 2016 WL 3457265, at *4 (8th Cir. 2016) (affirming the rejection of a medical opinion because it was conclusory).

Third, Plaintiff reported many daily activities which the ALJ fairly viewed to undercut Drs. Duffourc's and Hollis's medical source statements.  *See Owen v. Astrue*, 551 F.3d 792, 799 (8th Cir. 2008) (rejecting a physician's opinion because the claimant's activities of daily living did not reflect the limitations found in the opinion).  Although those doctors believed Plaintiff

4

was severely limited in her ability to function socially, Plaintiff reported shopping in public, engaging in water activities, and living with family. R. at 213, 216, 358. The ALJ justifiably concluded that these activities—not the limitations in Drs. Duffourc's and Hollis's opinions—were the best evidence of Plaintiff's RFC and so supported a finding that Plaintiff could interact with others on at least an infrequent basis.

Reviewing all this record evidence, a reasonable mind could agree and reject Drs. Duffourc's and Hollis's opinions for the above reasons. Contrary to Plaintiff's protestation, the record was not patently deficient or inconsistent, so the ALJ did not err by declining to further develop the record. *See Pinkston v. Colvin*, 13-CV-539-DGK-SSA, 2014 WL 2960958, at *3 & n.4 (W.D. Mo. June 30, 2014).

## Conclusion

Because substantial evidence on the record as a whole supports the ALJ's opinion, the Commissioner's decision denying Title XVI benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:  August 25, 2016             /s/ Greg Kays
                                                                                GREG KAYS, CHIEF JUDGE
                                                                                UNITED STATES DISTRICT COURT